UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────────────────X

DARIEUS ARCHIBALD,

              Plaintiff,

  -against-                                NOT FOR PUBLICATION
                                              MEMORANDUM AND ORDER
THE PEOPLE OF THE STATE OF NEW YORK;       17-CV-4261 (PKC)
ADA; COURT APPOINTED ATTORNEY;
RICHARD A. BROWN; T. DIGREGORIO;
COUNTY OF QUEENS,

              Defendants.
───────────────────────────────────────────X

PAMELA K. CHEN, United States District Judge:

On July 10, 2017, *pro se* Plaintiff Darieus Archibald, who is currently incarcerated at Wyoming Correctional Facility based on a conviction entered in the Supreme Court of the State of New York, Queens County, filed this *pro se* action pursuant to 42 U.S.C. § 1983 alleging malicious prosecution and seeking damages. On July 21, 2017, Plaintiff submitted a "Notice of Claim" containing a statement of facts, which the Court has construed as part of Plaintiff's pleading. Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915 solely for the purpose of this Order. For the reasons stated below, Plaintiff's complaint is dismissed for failure to state a claim upon which relief can be granted.

## BACKGROUND

On November 15, 2013, Plaintiff pleaded guilty in the Supreme Court of the State of New York, Queens County, to a charge of attempted burglary in the second degree. (Dkt. 5 at ECF[1] 5.) According to Plaintiff, he was "promised" that he would receive a sentence of two years if he

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF system, not the internal pagination of the document itself.

entered into the plea. (*Id.* at ECF 3.) Instead he was sentenced to sixty months in prison, of which he has served more than three years. (*Id.* at ECF 3.)

In his complaint, Plaintiff alleges that he was the subject of a "malicious prosecution" by a prosecutor of Queens County. (Dkt. 1 at ECF 5.) Plaintiff further alleges that "[a]n agreement was made between the court appointed attorney and the district attorney and the judge who filed [the criminal case against Plaintiff,]" that "statements [were] given to the Grand Jury [and] that I was not given a chance to make my statement to the Grand Jury." (Dkt. 6 at ECF 2.) Plaintiff also alleges that his court-appointed counsel was ineffective and "planned to screw [Plaintiff] over" with the guilty plea. (Dkt. 5 at ECF 3.) Finally, Plaintiff alleges that he was under "extreme emotional distress" when he pleaded guilty, that he "tried to take [his] plea back but the judge would not allow [it]," and that the sentence imposed on him—sixty months—was excessive. (Dkt. 5 at ECF 3-5.)[2] As relief, Plaintiff seeks $150 million in damages.

## LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where the court is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under the Prison Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory). To state a claim

---

[2] Plaintiff also cites to several New York criminal statutes and numerous cases decided by New York courts. (*See* Dkt. 6 at ECF 1, 2, 3, 4.) The Court is unable to discern what legal claim, if any, Plaintiff is seeking to allege by citing those statutes and court decisions. To state a claim for relief in this Court, a complaint must plead *facts* that, if true, would entitle the plaintiff to relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint's recitation of New York criminal statutes and court decisions does not contain any facts from which this Court might reasonably conclude that Plaintiff is entitled to relief.

on which relief can be granted, a complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Iqbal*, 556 U.S. at 678). *Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read the Plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

## DISCUSSION

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan,* 443 U.S. 137, 144 n.3 (1979). To state a claim under Section 1983, "a plaintiff must allege that (1) the defendant . . . act[ed] under color of state law . . .[,] and (2) the defendant deprived the plaintiff of 'rights, privileges, or immunities secured by the Constitution or laws of the United States.'" *Milan* 808 F.3d 961, 964 (2d Cir. 2015) (quoting *Hayut v. State Univ. of N.Y.*, 352 F.3d 733, 743-44 (2d Cir. 2003)).

### A. Malicious Prosecution

Plaintiff asserts that he was the subject of a "malicious prosecution" by a prosecutor of Queens County. (Dkt. 1 at ECF 5.) However, a federal claim for malicious prosecution does not

accrue until "criminal proceedings have terminated in the plaintiff's favor." *Heck v. Humphrey*, 512 U.S. 477, 489 (1994); *Bailey v. City of N.Y.*, 79 F. Supp. 3d 424, 448 (E.D.N.Y. 2015) ("A malicious prosecution claim does not accrue until an underlying criminal proceeding terminates in plaintiff's favor."). The complaint does not indicate whether Plaintiff has pursued any state court challenges to his conviction and there is no indication that criminal proceedings have been terminated in Plaintiff's favor; in fact, he remains incarcerated on the conviction resulting from the prosecution he challenges here. Because Plaintiff has not successfully challenged his allegedly unconstitutional imprisonment, his claim is barred by *Heck* and the claim is dismissed without prejudice for failure to state a claim on which relief may be granted. *See Amaker v. Weiner*, 179 F.3d 48, 52 (2d Cir. 1999) (dismissal under *Heck* should be without prejudice). Plaintiff may refile a complaint seeking damages for the prosecution of which he complains if his conviction is "expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Amaker*, 179 F.3d at 52 (quoting *Heck*, 512 U.S. at 487).

**B.     Wrongful Conviction or Excessive Sentence**

To the extent the complaint may be construed as seeking reversal of his state court conviction, Plaintiff's sole federal remedy is a writ of *habeas corpus*. The Supreme Court has held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Jenkins v. Haubert*, 179 F.3d 19, 23 (2d Cir.1999) ("[W]here the fact or duration of a prisoner's confinement is at issue, § 1983 is unavailable, and only [habeas relief under 28 U.S.C.] § 2254(b) with its exhaustion requirement

may be employed."). Accordingly, to the extent Plaintiff seeks to challenge the fact of his conviction or the length of his sentence, he must do so in the usual course—*i.e.*, by exhausting his state court remedies and filing a timely petition for a writ of *habeas corpus*. Although the Court may sometimes liberally construe a complaint challenging the fact or duration of confinement as a petition for a writ for *habeas corpus*, it declines to do so here where it is clear from the face of the complaint that Plaintiff's intent was to file a complaint pursuant to 42 U.S.C. § 1983.

## CONCLUSION

Accordingly, Plaintiff's complaint is dismissed without prejudice for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915A. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: August 29, 2017
       Brooklyn, New York